CLD-198                                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1508
_____

ROBERT ERVIN,  a/k/a Robert Erving as
listed on the complaint,
                                                                Appellant

v.

WARDEN DAVID EBBERT
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 3:12-cv-02481)
District Judge:  Honorable Edwin M. Kosik
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 18, 2013

Before:  RENDELL, JORDAN and VAN ANTWERPEN, Circuit Judges

(Opinion filed: May 3, 2013)
_____

OPINION
_____

PER CURIAM

Pro se Appellant Robert Ervin appeals from an order of the United States District

Court for the Middle District of Pennsylvania dismissing his petition for writ of

mandamus.  We have jurisdiction pursuant to 28 U.S.C. § 1291.   We review the District

Court's denial of a mandamus petition for an abuse of discretion, but our review of whether the requirements for mandamus have been satisfied as a matter of law is plenary. Arnold v. Blast Intermediate Unit 17, 843 F.2d 122, 125 (3d Cir. 1988). For the reasons set forth below, we will summarily affirm the judgment of the District Court. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

Because we primarily write for the parties, we will only recite the facts necessary for our discussion. Ervin is currently an inmate at the United States Penitentiary Canaan ("USP-Canaan"), Waymart, Pennsylvania, where he was employed by Unicor. Ervin alleges that he was wrongfully terminated from Unicor when he failed to show up for work because the prison doctor had medically excused him from work due to the flu. On December 12, 2012, after exhausting his administrative remedies, Ervin filed a petition for writ of mandamus, asking the District Court to direct the BOP to reinstate him to his Unicor job at USP-Canaan. A Magistrate Judge recommended that Ervin's petition be denied because Ervin has no constitutional right to a prison job and there are other adequate legal remedies available to him. Ervin filed objections to the Report and Recommendation. Unpersauded by Ervin's arguments, the District Court adopted the Report and Recommendation, denying his petition for writ of mandamus. Ervin filed a timely appeal.

We agree with the District Court's decision. A district court may issue a writ of mandamus under 28 U.S.C. § 1361 to compel "an officer or employee of the United States . . . to perform a duty owed to the plaintiff." Mandamus "is intended to provide a

2

remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty." Heckler v. Ringer, 466 U.S. 602, 616 (1984). See also Stehney v. Perry, 101 F.3d 925, 934 (3d Cir. 1996) (mandamus relief is a drastic remedy only to be invoked in extraordinary circumstances).

Here, Ervin's petition for writ of mandamus requests that the District Court direct the BOP to reinstate him to his Unicor job. However, as the District Court explained, prison inmates have no constitutionally protected interest in retaining prison employment. See James v. Quinlan, 866 F.2d 627, 629-630 (3d Cir. 1989) (holding that prisoners have no liberty interest in their prison jobs). Nor are we aware of any other basis for concluding that the BOP has a "clear nondiscretionary duty" to reinstate him.

Moreover, Ervin is requesting that the District Court intervene in prison management by asking the Court to direct the BOP to reinstate his employment. However, courts will generally not interfere with prison administrative matters, such as the decision to terminate Ervin from his job, and will afford significant deference to judgments of prison officials regarding prison regulation and administration. See Fraise v. Terhune, 283 F.3d 506, 515 (3d Cir. 2002). Therefore, we agree with the District Court that Ervin has failed to show that he has a clear and indisputable right to the issuance of the writ of mandamus.

For these reasons, the appeal presents no substantial question and we will summarily affirm the District Court's order. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

3